Colcock, j.
By the stat. 8 Ann. chap. 14, made of force in this state, entitled an act for the better security of rents, and to prevent frauds committed by tenants (Orimke, P. L. 97.) it is enacted that no goods or chattels whatsoever, on any lands which are leased, shall be liable to be taken by vir* tue of any execution, unless the party at whose suit the execution issues, shall pay to the landlord such sum or sums as shall be due for rent — Provided, the same do not amount to more* than one year’s rent. And it gives power to the sheriff, in case the plaintiff in execution pay such rent to the landlord, to levy as well for that as the debt.
The object of the statute is to give the landlord a lien on the property of the tenant, without the necessity of a distress, so as to prevent the practice of fraud on him, whereby he might be deprived of his rent. But from the words of the statute, it is clear that this lien does not attach until the rent becomes due. The words of the first clause are, “ All such u sum or sums of money, as shall be due for rent u for the said premises, at the time of the taking <l such goods and chattels, by virtue of such execu-(i tion. — Provided, the said arrears of rent do not u amount to more than one year’sand I take it for granted, in this case, that the rent was not due when the execution was levied. The lien then had not attached. The legal operation of the levy, was *121 to vest the property in the sheriff: so that when the rent became due, the property was not in the tenant.
I was inclined to think that the mode of proceeding by a rule was not proper, if the case had been made out; but I now think that, a case arising ,under the statute, it would be the most proper remedy : and the note to the case of jBristow and Wright, Douglass, 665, seems to warrant this opinion. I am of opinion that the motion ]be rejected.
All the Court concurred.